USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/12/2021

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,            :
                                     :
                                     :   19 CR 316 (VM)
     - against -                     :
                                     :
BRIAN JOHNSON,                       :
                                     :   DECISION AND ORDER
               Defendant.            :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Defendant Brian Johnson ("Johnson") pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. Section 922(g)(1). The Court sentenced Johnson to five years of probation with two conditions: eighteen months of intermittent confinement in a community reentry facility and three years of home confinement.

Now before the Court is a motion by Johnson for early termination of his probation pursuant to 18 U.S.C. Section 3582(e)(1). (See "Termination Motion," Dkt. No. 29.) The Government and Probation oppose termination or any modification of the terms of Johnson's supervised release. (See "Opposition," Dkt. No. 31.)

The Motion is hereby DENIED.

1

## I. BACKGROUND[1]

On March 27, 2019, two NYPD officers witnessed Johnson fail to stop at a stop sign while driving in Bronx, New York. The officers attempted to pull over his vehicle, but Johnson sped away rather than stopping. After a short pursuit, Johnson crashed into parked cars and fled on foot. He was found hiding beneath a parked car and was arrested. The arresting officers discovered a shell casing in Johnson's pocket and a semiautomatic pistol in plain view inside the car Johnson had been driving.

Law enforcement's subsequent investigation revealed two important facts. First, Johnson was convicted of attempted robbery in the first degree in New York state court in 2013. Second, Johnson's firearm matched the shell casing in his pocket as well as shell casings found at the scene of a shooting in Manhattan the previous night.

Johnson pleaded guilty to one count of possession of a firearm following a conviction for a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g)(1). On October 29, 2019, this Court sentenced Johnson to five years of probation, the terms of which included two

---

[1] These facts are drawn from the presentence investigation report and the parties' sentencing submissions. See Dkts. 18, 20, 21. Except where directly quoted below, no citation will be made to any specific submission.

conditions: eighteen months of intermittent confinement in a Bureau of Prisons community reentry center and three years of home confinement.

On July 16, 2021, twenty months into his sixty months of probation, Johnson filed a motion requesting termination of supervised release.[2] (See Termination Motion.) In support of his motion, Johnson provided letters from his work supervisor, his girlfriend, and two of his siblings (see Exhibits A, D, E, and F to Termination Motion); an award from his employer for going "above and beyond the call of duty" (see Exhibit B to Termination Motion); and his acceptance email to Borough of Manhattan Community College. (See Exhibit C to Termination Motion.) The Termination Motion emphasizes Johnson's unblemished compliance with the terms of probation and his academic and professional achievements during supervision. The Termination Motion also discusses Johnson's family situation.

---

[2] As a technical matter, Johnson is currently on probation, not supervised release. See United States v. Jacques, 321 F.3d 255, 264 (2d Cir. 2003) ("One inherent difference between supervised release and probation is that in the former a defendant will have served time in prison for his offense, while in the latter he will not have served time. Probation therefore, unlike supervised release, is an alternative to imprisonment."). However, the difference is without distinction, as the Second Circuit has noted the two are "essentially similar" and modifications or revocation of either is governed by Section 3583(e). United States v. Meeks, 25 F.3d 1117, 1121 (2d Cir. 1994).

The Government and Probation opposed the motion but note that Johnson has complied with all terms of his release thus far, is gainfully employed, and has family support. (See Opposition.)

Due to the COVID-19 pandemic, Johnson has been unable to begin the intermittent community reentry requirement of his sentence. On November 3, 2021, at Johnson's request, the Court modified that special condition. Instead of intermittent community reentry, the sentence will consist of six-months' location monitoring and curfew, to be completed following Johnson's home confinement. Neither the Government nor Probation objected to that modification, but both reiterated their opposition to full termination of Johnson's probation following this modification. (See Dkt. 33.)

## II.   LEGAL STANDARD

Pursuant to 18 U.S.C. Section 3583(e), a sentencing court may, after considering the factors listed in 18 U.S.C. Section 3553(a), terminate a term of supervised release "after the expiration of one year" of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant . . . and the interest of justice." 18 U.S.C. § 3583(e)(1). The Court may, at any time, modify the conditions of supervised release pursuant to the provisions of the Federal Rules of Criminal Procedure. See 18 U.S.C. §

3583(e)(2). To put it simply, Section 3583(e)(2) "requires the court to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to 'modify, reduce, or enlarge' the term or conditions of supervised release." United States v. Lussier, 104 F.3d 32, 35 (2d Cir. 1997) (quoting 18 U.S.C. § 3583(e)).

The Second Circuit has held that "[o]ccasionally, changed circumstances -- for instance, especially good behavior by the defendant . . . -- will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." Id. at 36. While rehabilitation is a major goal of probation, see United States v. Johnson, 347 F.3d 412, 416—17 (2d Cir. 2003), compliance with the terms of probation is, standing alone, insufficient to justify early termination. See United States v. Harris, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010). Ultimately, the decision whether to terminate or modify the conditions of release is a matter left to the discretion of the district court. See id.

### III. DISCUSSION

At the time of this decision, Johnson has completed approximately two years of his overall five-year term of probation and of the condition of three years of home

confinement. Johnson's offense was serious and his conduct put law enforcement and the public at great risk of injury. The Sentencing Guidelines Range for his offense was 24- to 30-months' imprisonment, but this Court imposed a sentence significantly below that range, finding that the factors set forth in Section 3553(a) could be met with a sentence of five years' probation with conditions of three years of home confinement and eighteen months of intermittent confinement in a community reentry program.

    The Court takes note of Johnson's laudable efforts to rehabilitate in the two years since his sentencing, but "full compliance with terms of supervised release is what is expected of" an offender. United States v. Erskine, No. 05 Crim. 1234, 2021 WL 861270, at *2 (S.D.N.Y. Mar. 8, 2021). Moreover, Johnson had previously completed a three-year term of probation only to commit the offense in the instant case three months after his supervision ended. (See Dkt. 21 at 4.) Considering the need for a sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A), the Court finds that termination of Johnson's full term of probation after a mere two years is not warranted. Accordingly, Johnson's motion to terminate supervised release is denied.

Regarding Johnson's request to remove the condition of home confinement, the Court's recent modification of Johnson's probationary terms already provided a very substantial alteration to his sentence -- one that mitigates some of the concerns raised in the Termination Motion, as the requirement that Johnson leave his family for the eighteen months of community reentry confinement is no longer applicable. Further, Johnson's family circumstances, his employment, and his educational pursuits were major subjects of his sentencing submissions. (See Dkt. No. 33.) Thus, these are not "new or unforeseen circumstances" uncontemplated at sentencing. Lussier, 104 F.3d at 36. And while the Termination Motion highlights many challenges that accompany home confinement, "mere inconvenience does not rise to the level of new or unforeseen circumstances that would warrant early termination." United States v. Gonzalez, No. 94 Crim. 0134, 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015).

At this time, Johnson has not established that further modification of his probation is warranted. His motion to remove the condition of home confinement is denied.

## IV.  ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion filed by defendant Brian Johnson (see Dkt. No. 29) for early termination or modification of his probation is **DENIED**.

**SO ORDERED.**

Dated: New York, New York
       12 November 2021

_Victor Marrero_
U.S.D.J.